JAMES F. CLAPP (145814)
jclapp@sdlaw.com
MARITA MURPHY LAUINGER (199242)
mlauinger@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA COLE, DARIN TAKAHASHI, SALLY HELMKEN, and CARRIE WEHNER, individually and on behalf of all others similarly situated; and GEORGIA SCHROEDER, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO, and JPMORGAN CHASE BANK, N.A.<br><br>    Defendants. | CASE NO. SACV10-00632 DOC (MLGx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, STAY, OR TRANSFER ACTION**<br><br>DATE: July 12, 2010<br>TIME: 8:30 a.m.<br>CTRM.: 9D<br>JUDGE: David O. Carter |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 1

III. CHASE'S MOTION IS MOOT BECAUSE PLAINTIFFS HAVE FILED A FIRST AMENDED COMPLAINT ...................................................... 3

IV. THE "FIRST-TO-FILE" RULE IS NOT APPLICABLE ................................... 4

    A. THE "FIRST-TO-FILE" RULE DOES NOT APPLY BECAUSE NO COLLECTIVE ACTION HAS BEEN CERTIFIED ....................... 4

    B. ALTHOUGH THERE IS SOME OVERLAP, THE ISSUES RAISED IN THIS ACTION ARE DISTINCT FROM THOSE RAISED IN THE OTHER ACTIONS ........................................................ 5

    C. EQUITABLE CONCERNS REQUIRE THAT *COLE* BE PERMITTED TO PROCEED ............................................................... 7

V. THE COURT SHOULD NOT TRANSFER THIS CASE .................................. 8

VI. THE COURT SHOULD NOT STAY THIS CASE PENDING THE RULING OF THE MDL PANEL ........................................................................ 8

VII. CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

Page
**CASES**

Adoma v. Univ. of Phoenix, Inc.
2010 U.S. Dist. LEXIS 53974 (E.D. Cal. May 3, 2010) ............................................. 7

Alltrade, Inc. v. Uniweld Prods., Inc.
946 F.2d 622 (9th Cir. 1991) ................................................................................. 4, 7

Davis v. J.P. Morgan Chase & Co.
587 F.3d 529 (2nd Cir. 2009) ................................................................................. 2, 7

Ebert v. J.P. Morgan Chase
S.D. Tex. Case No. 10-CV-894 ............................................................................... *passim*

Fuller v. Abercrombie & Fitch Stores, Inc.
370 F. Supp. 2d 686 ................................................................................................ 6

Gallardo v. Aurora Dairy Corp.
2008 U.S. Dist. Lexis 7730 (N.D. Cal. Jan. 23, 2008) ............................................ 9

Goldstein v. City of Santa Rosa
2010 U.S. Dist. LEXIS 25656 ................................................................................. 3

Inherent.com v. Martindale-Hubbell
420 F. Supp. 2d 1093 .............................................................................................. 4, 5

Lac Anh Le v. Pricewaterhousecoopers LLP
2008 U.S. Dist. LEXIS 29310 (N.D. Cal. March 4, 2008) ...................................... 4, 5

Meints v. Regis Corp.
2010 U.S. Dist. LEXIS 14120 (S.D. Cal. Feb. 16, 2010) ........................................ 6, 7

Pickle v. J.P. Morgan Chase
S.D.N.Y. Case No. 10-CV-2791 .............................................................................. *passim*

United States ex rel. McCurdy v. Gen. Dynamics Nat'l Steel and Shipbuilding (NASSCO),
2010 U.S. Dist. LEXIS 38760, (S.D. Cal. Apr. 20, 2010) ....................................... 3

Vang v. Angelone
1996 U.S. App. LEXIS 27772 (9th Cir. 1996) ........................................................ 4

Walker v. Progressive Cas. Ins. Co.
2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003) ...................................... 5, 6

Whalen v. J.P Morgan Chase
W.D.N.Y. Case No. 01-CV-6492 ............................................................................ *passim*

**STATUTES**

820 ILCS 105/12(a) ........................................................................................... 3, 5

Cal. Bus. & Prof. Code section 17208 .................................................................. 5

Cal. Lab. Code section 510 ................................................................................... 5

Cal. Lab. Code section 203 ................................................................................... 5

Fed. R. Civ. Proc. 15(a)(1)(B) .............................................................................. 3

Title 28 U.S.C. § 1404 .......................................................................................... 8

Title 29 U.S.C. § 216(b) .............................................................................. 2, 4, 7

## I. INTRODUCTION

This is a lawsuit for unpaid overtime brought on behalf of individuals who worked as loan underwriters for defendants J.P. Morgan Chase & Co. and J.P. Morgan Chase Bank, N.A. (collectively "Chase"). Plaintiffs allege that Chase misclassified its underwriters as "exempt" under the FLSA as well as under California and Illinois law. In their First Amended Complaint, plaintiffs allege a collective action under Section 216(b) of the FLSA and a Rule 23 class action under the wage and hour laws of California and Illinois.

Chase now moves to dismiss, stay, or transfer this action pursuant to the "first-to-file" rule, noting that there are three other collective actions that have been filed against Chase in other districts. However, the first-to-file rule should yield to equitable considerations in this case. First, all four collective actions are at their nascent stages. No case has been certified, no class discovery has been taken, and two of the cases have been stayed. In light of plaintiffs' filing of their motion for collective action certification on June 21, 2010 (supported by 17 declarations), this case is arguably the most advanced. Second, this lawsuit includes claims under California and Illinois law, both of which provide for different remedies and a longer statute of limitations than the FLSA. Thus, the legal issues in the four lawsuits are not coextensive. Third, and most importantly, the statute of limitations on the underwriters' FLSA claims is running, and Chase has not agreed to toll the statute in any of the cases. Unless this case is allowed to proceed and underwriters are notified about their rights, their claims will continue to lapse.

As discussed below, Chase's motion should be denied.

## II. BACKGROUND

On May 10, 2010, plaintiffs Cynthia Cole, Darin Takahashi, and Sally Helmken filed this lawsuit, which alleges the first-filed Rule 23 class under California law and a collective action under the FLSA for Chase's failure to pay underwriters overtime. On June 17, 2010, the Cole plaintiffs filed their First

1

Amended Complaint ("FAC"), adding plaintiff Carrie Wehner and alleging the only Rule 23 class under Illinois law. Additionally, on June 21, 2010, plaintiffs filed a Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. Section 216(b).

Three other similar, but not identical, collective actions are pending. On April 8, 2010, a Fourth Amended Complaint alleging a Rule 216(b) collective action and a Rule 23 class action under New York law was filed in entitled Whalen v. J.P Morgan Chase, W.D.N.Y. Case No. 01-CV-6492. The original lawsuit was filed on October 4, 2001, and litigated on behalf of an individual plaintiff, Michael J. Davis. On November 20, 2009, the Second Circuit held that Davis and Chase's underwriters are not exempt under the FLSA. Davis v. J.P. Morgan Chase & Co., 587 F.3d 529 (2nd Cir. 2009). The Whalen plaintiffs have filed a motion for conditional certification, but according to Chase's counsel, Whalen is currently stayed. See Declaration of Zach P. Dostart, filed herewith, para. 2.

On March 18, 2010, a collective action was filed in the Southern District of Texas entitled Ebert v. J.P. Morgan Chase, S.D. Tex. Case No. 10-CV-894. Ebert does not allege any claims under state law. According to the docket, no motion for certification has been filed in Ebert. Dostart declaration, para. 3.

Finally, on March 29, 2010, a collective action was filed in the Southern District of New York entitled Pickle v. J.P. Morgan Chase, S.D.N.Y. Case No. 10-CV-2791. On May 19, 2010, 19 days after this case was filed, the Pickle plaintiffs amended their complaint to add a Rule 23 class under California law. On June 9, 2010, Pickle was stayed. Dostart declaration, para. 4.

Chase has disclosed that a motion to coordinate or transfer has been filed before the Judicial Panel on Multidistrict Litigation. However, according to the Panel's clerk, this case is not formally before the Panel and is not currently being considered for coordination or transfer. Dostart declaration, para. 5.

### III. CHASE'S MOTION IS MOOT BECAUSE PLAINTIFFS HAVE FILED A FIRST AMENDED COMPLAINT

As a threshold matter, Chase's current motion is moot because it has been superseded by plaintiffs' filing of their FAC on June 17, 2010. Under the recently amended Federal Rule of Civil Procedure 15(a)(1)(B), after a defendant files a motion to dismiss, a plaintiff has twenty-one days to amend the complaint once as a matter of course. See, e.g., United States ex rel. McCurdy v. Gen. Dynamics Nat'l Steel and Shipbuilding (NASSCO), 2010 U.S. Dist. LEXIS 38760, *2 (S.D. Cal. Apr. 20, 2010); see also Fed. R. Civ. Proc. 15(a)(1)(B). In lieu of opposing Chase's Motion to Dismiss, the Cole plaintiffs filed their FAC at 4:11 p.m. on June, 17, 2010. Dostart declaration, para. 6. Later that evening, at 6:21 p.m., Chase answered plaintiffs' original complaint (not the FAC). Because Cole filed her FAC within the twenty-one days provided under Fed. R. Civ. Proc. 15(a)(1)(B), and before Chase answered the original complaint, Chase's motion is moot. Goldstein v. City of Santa Rosa, 2010 U.S. Dist. LEXIS 25656, *1 (N.D. Cal. Mar. 18, 2010) ("In response to the motion to dismiss, Plaintiff has filed both a substantive response to the motion as well as an amended complaint. The filing of an amended complaint moots the pending motion to dismiss.") (citation omitted).

Although the Court has discretion to consider Chase's motion, the Court should not do so because the FAC substantially changes the proposed class definitions. Specifically, the FAC: (1) alleges FLSA collective groups that do not coincide with any currently pending action against Chase; (2) alleges sub-classes of California underwriters who both did and did not sign the Release Agreement; (3) adds an additional plaintiff who resides in Illinois to represent a Rule 23 class for overtime wages under the Illinois Complied Statutes, 820 Ill. Comp. Stat. 105/4a; and (4) adds JP Morgan Chase Bank, N.A., as an additional defendant in this action.

3
PLAINTIFFS' OPPOSITION TO CHASE'S MOTION TO DISMISS, TRANSFER   SACV10-00632 DOC (MLGx)
OR STAY ACTION

Chase should be required to address its arguments to the allegations in the FAC, which is the operative complaint.[1]

IV.  THE "FIRST-TO-FILE" RULE IS NOT APPLICABLE

In applying the "first-to-file" rule, a court looks to three factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625-26 (9th Cir. 1991).  If an action meets the requirements of the "first-to-file" rule, the court has the discretion to transfer, stay, or dismiss the action. Id. at 623.  However, even if the requirements of the rule are satisfied, the court may disregard the rule in the interests of equity. Alltrade, 946 F.2d at 628; see also Vang v. Angelone, 1996 U.S. App. LEXIS 27772, *3 (9th Cir. 1996) ("Although the decision to accept or decline jurisdiction under the 'first-to-file' rule is a decision within the discretion of the district court, applying the rule where the parties and issues are not the same is reversible error.")

    A.  THE "FIRST-TO-FILE" RULE DOES NOT APPLY BECAUSE NO COLLECTIVE ACTION HAS BEEN CERTIFIED

The "first-to-file" rule applies only when parties are substantially similar. Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). The parties in Cole are not substantially similar to the parties in Whalen, Ebert, or Pickle because none of those lawsuits have been certified as collective actions.  In Lac Anh Le v. Pricewaterhousecoopers LLP, 2008 U.S. Dist. LEXIS 29310 (N.D. Cal. March 4, 2008), the district court refused to stay a collective action in favor of a first-filed collective action because neither case had been certified under Section

---

[1]  Plaintiffs are not trying to play a procedural trick to have their motion for collective action certification heard first.  Plaintiffs have offered to have their motion heard on the same date as Chase's motion, but Chase has not responded to that offer. Dostart declaration, para. 7.

216(b). The court noted that, until a collective action is certified, it is merely a lawsuit brought by individual plaintiffs. Consequently, the parties in the two actions were not substantially similar for purposes of the first-to-file rule. Id. at *3-4. The same rationale applies in this case.

> B. ALTHOUGH THERE IS SOME OVERLAP, THE ISSUES RAISED IN THIS ACTION ARE DISTINCT FROM THOSE RAISED IN THE OTHER ACTIONS

The claims made by the Cole plaintiffs are not substantially similar to the claims currently pending in the Ebert, Whalen or Pickle actions. The "first-to-file" rule requires substantial similarity of issues. Inherent.com, 420 F. Supp. 2d at 1097.

The Cole plaintiffs' FAC contains ten causes of action, alleging, *inter alia*, the first-filed Rule 23 class under California law and the only Rule 23 class under Illinois law. Both California and Illinois provide a longer statute of limitations and additional remedies to wage and hour plaintiffs that are not available under the FLSA. See Cal. Lab. Code sections 510 (requiring overtime pay for hours worked over 8 per day) and 203 (imposing waiting time penalties); Bus. & Prof. Code section 17208 (establishing 4-year statute of limitations); 820 ILCS 105/12(a) (3-year statute of limitations for wage claims and a 2% penalty on unpaid wages per month).

Furthermore, Cole is the only lawsuit that raises the issue of whether the class action waiver in the Release Agreement is enforceable. This issue is critical, because unless the waiver is found to be unenforceable, a substantial percentage of Chase's former underwriters might be foreclosed from participating in any classwide judgment or settlement that may be obtained.

The cases cited by Chase are inapposite. First, Chase cites Walker v. Progressive Cas. Ins. Co., 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003), for the proposition that Cole should be dismissed. In that case, the second-filed lawsuit, referred to as Walker I, was dismissed because it was a copy-cat of the

5

1 Louisiana FLSA case with an additional Washington state law claim. Id. at *3.
2 Following dismissal of Walker I, the plaintiffs filed Walker II (the opinion cited by
3 Chase) that simply deleted the FLSA claim and retained the state law claim. Id. In
4 dismissing Walker II, the court found that Washington law and the FLSA have only
5 "slight differences" and that "plaintiffs have failed to demonstrate … how
6 [Washington law] would affect adjudication of their claims." Id. at *9. In this case,
7 by contrast, there is no dispute that California and Illinois provide enhanced
8 remedies that are not available to plaintiffs under the FLSA. Consequently,
9 dismissing this lawsuit would substantially prejudice the rights of Chase
10 underwriters who worked in California and Illinois.

11 Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 690 (E.D.
12 Tenn. 2005), is similarly distinguishable. In that case, the first lawsuit was filed 18
13 months before the second lawsuit (June 13, 2003 versus December 28, 2004),
14 discovery in the first action was well underway, and the court in the first-filed action
15 had entered a scheduling order setting the motion for collective action certification.
16 Id. at 689. By contrast, in this case, nothing of substance has occurred in Whalen,
17 Ebert, or Pickle. Whalen and Pickle have been stayed, and unlike the Cole
18 plaintiffs, the Ebert plaintiffs have not filed a Section 216(b) motion. Allowing this
19 case to proceed would not interfere with the conduct of any other case.

20 Finally, Meints v. Regis Corp., 2010 U.S. Dist. LEXIS 14120 (S.D. Cal. Feb.
21 16, 2010), is not remotely similar to this case. In Meints, a $2.5 million settlement
22 had been reached in the first-filed action after two years of litigation. Id. at *4, 8. A
23 class of 3,200 current and former employees had been certified, and the proposed
24 settlement would have released the defendant from all claims that had been alleged
25 in the second-filed action. Id. at *4. The court dismissed the second-filed case
26 because "[a]llowing Plaintiff to proceed to class discovery in this case when a
27 settlement potentially barring her class action is pending would waste judicial
28 resources and require Defendant to expend significant effort to comply with

1  discovery requests in a case which is unlikely to result in a class certification." Id.
2  at *9.  No such settlement has been reached in any of the lawsuits against Chase.

3      C.    EQUITABLE CONCERNS REQUIRE THAT *COLE* BE
4          PERMITTED TO PROCEED

5  Even assuming the three requirements of the "first-to-file" rule are satisfied, it
6  does not follow that application of the rule is appropriate.  The doctrine is
7  discretionary and, accordingly, the court may disregard it in the interests of equity.
8  Alltrade, 946 F.2d at 628.  The Court should permit this lawsuit to proceed because
9  otherwise, the statute of limitations on the underwriters' claim will continue to
10 lapse.

11 Adoma v. Univ. of Phoenix, Inc., 2010 U.S. Dist. LEXIS 53974 (E.D. Cal.
12 May 3, 2010) is directly on point.  In that case, the defendant was facing two other
13 FLSA lawsuits in the Eastern District of Pennsylvania and the Central District of
14 California.  The defendant moved to dismiss the Adoma lawsuit under the "first-to-
15 file" rule, or in the alternative, to stay and/or transfer the lawsuit to the Central
16 District of California.  As in this case, the plaintiffs opposed the motion on the
17 ground that plaintiffs had brought California as well as federal claims, and the
18 statute of limitations on the FLSA claim was continuing to run.  The court held that,
19 in light of those considerations, "the equities in this case tip in favor of an exception
20 to the first-to-file rule."  Id. at *21-22.

21 If this case were dismissed, stayed, or transferred, the putative class members
22 would be severely prejudiced.  Cole is the only case with a motion for certification
23 that is currently on calendar.  The plaintiffs in Ebert and Pickle have not filed those
24 motions, and although the Whalen plaintiffs did file a motion, it is unclear when the
25 stay in Whalen will be lifted.  Since Chase has not agreed to toll the statute, each
26 day that passes equates to one less day of damages for the putative class members.
27 Moreover, this loss is not merely hypothetical – the Second Circuit has already ruled
28 that Chase's underwriters are entitled to overtime pay.  Davis, 587 F.3d 529.  Thus,

7

it is especially important that the underwriters be notified of their rights immediately.

Moreover, the Ebert, Whalen and Pickle lawyers are not well-positioned to defend the rights of the class members alleged in Cole. First, the Ebert and Whalen actions do not have a California representative and have not alleged California state law claims. Pickle asserted California claims after Cole, but that case has been stayed. Second, the Ebert, Whalen and Pickle cases do not have an Illinois class representative nor do they claim any relief under Illinois state laws. Third, the Ebert, Whalen and Pickle actions have not alleged that the Release Agreements are unconscionable, nor have they defined classes to address the issues raised by the Release Agreement. Accordingly, as in Adoma, equitable considerations require that this case be allowed to proceed.

## V. THE COURT SHOULD NOT TRANSFER THIS CASE

In the alternative, Chase contends that the Court should transfer this lawsuit to the Southern District of Texas, where Ebert is pending. Title 28 U.S.C. § 1404 identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. Chase has made absolutely no evidentiary showing that transferring this case to the Southern District of Texas would promote the convenience of the parties or the witnesses. Furthermore, Chase's claim that Ebert is the first-filed case is disingenuous. Whalen (formerly called Davis) was filed in 2001, nine years before Ebert. However, Whalen is now stayed. This District is the only venue where the putative class member can promptly vindicate their rights.

## VI. THE COURT SHOULD NOT STAY THIS CASE PENDING THE RULING OF THE MDL PANEL

Finally, Chase asks that the Court stay this case pending the ruling by the MDL Panel. However, as noted above, this case is not currently a part of the MDL

proceeding. Although Chase has identified this case as a potential tag-along action in its response to the MDL motion, according to the MDL Panel, plaintiffs have no right to file any pleadings with the Panel to assert their rights in the MDL. Dostart declaration, para. 5. In Gallardo v. Aurora Dairy Corp., 2008 U.S. Dist. Lexis 7730 (N.D. Cal. Jan. 23, 2008), the district court denied a request to stay a lawsuit pending a decision by the MDL Panel because the lawsuit was not then being considered by the Panel for coordination or transfer. Staying this lawsuit pending the ruling of the MDL Panel would deprive the plaintiffs of the ability to protect their rights as the limitations period on their FLSA claims continues to run.

VII.   CONCLUSION

For the foregoing reasons, plaintiffs respectfully request this Court deny Chase's motion in its entirety.

Dated: June 21, 2010        DOSTART   CLAPP   GORDON   &
                            COVENEY, LLP


                            s/ James F. Clapp
                            JAMES F. CLAPP
                            Attorneys for Plaintiffs


354219.1