| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | CARRIE A. GONELL, SBN 257163 |
|   | cgonell@morganlewis.com |
| 3 | JOHN D. HAYASHI, SBN 211077 |
|   | jhayashi@morganlewis.com |
| 4 | 5 Park Plaza, Suite 1750 |
|   | Irvine, CA  92614 |
| 5 | Tel:  949.399.7000 |
|   | Fax:  949.399.7001 |

Attorneys for Defendants
JPMORGAN CHASE & CO. and
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA COLE, DARIN TAKAHASHI, and SALLY HELMKEN, CARRIE WEHNER individually and on behalf of all others similarly situated; and GEORGIA SCHROEDER, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | Case No. SACV10-00632 DOC (MLGx)<br><br>Hon. David O. Carter<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEET AND CONFER STATEMENT PURSUANT TO THE COURT'S JUNE 23, 2010 ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21779326.1

Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC") (improperly named in the Complaint as "J.P. Morgan Chase & Co.") respectfully submits the following Statement regarding the meet and confer conference ordered by the Court in response JPMC's *Ex Parte* Application (Docket Nos. 15-20). Counsel for Plaintiffs refused to participate in the preparation of a joint statement on behalf of the parties, and therefore JPMC submits this statement describing the results of their meet and confer conference.[1]

The Order from this Court expressly directed the parties to confer as to whether "all plaintiffs and absent class members in this action are covered by a tolling agreement." Defendant has now confirmed for Plaintiffs multiple times – in writing and verbally – that such a tolling agreement is in place. Tellingly, at no time do Plaintiffs ever deny – nor could they – that all plaintiffs and absent collective action members are, in fact, covered by a tolling agreement. This tolling agreement applies to the FLSA claims of putative collective action members, which are the only claims at issue for statute of limitations purposes. The California state claims alleged in the *Pickle v. Chase* action and this action, as well as the Illinois claims alleged here, are already tolled by virtue of the filing of those class action complaints.

Late to the party as the last-filed case, Plaintiffs are trying every avenue to interfere with the proceedings in other cases – including trying to avoid a stay in this case in the hopes that they can leapfrog those earlier-filed cases by getting their Motion for Notice adjudicated while those cases are stayed and, now, raising issues about a court-ordered mediation in another case. All of Plaintiffs' arguments are without merit and should be rejected.

---

[1] Counsel for Plaintiffs indicated during the parties' meet and confer that they would prepare their own Notice to the Court, and have since filed that Notice with the Court.

Defendant has been clear about its motivations from the beginning – the conservation of the resources of this Court and the parties in opposing a motion for nationwide notice in light of: (1) Defendant's pending Motion to Dismiss, Stay or Transfer; (2) the existence of stays in three earlier-filed overlapping cases; and (3) the pendency of the hearing before the MDL Panel on these overlapping cases.

<u>First</u>, pursuant to the Court's order, counsel for JPMC, Carrie A. Gonell, met and conferred with counsel for Plaintiffs, James Clapp, on June 24, 2010. In preparation for that meet and confer, JPMC provided Plaintiffs with a copy of the Order staying the *Ebert* action "[o]n the announcement of the parties that an agreement on limitations has been reached." Defendant also confirmed in writing that the tolling agreement in the *Ebert* action <u>does</u> cover the claims of all putative collective action members in the *Cole* action, including plaintiff Takahashi (who alleges he worked as a "wholesale" home mortgage underwriter for part of his time with JPMC), each and every named plaintiff in the *Cole* action, and each and every declarant who submitted a declaration in support of Plaintiffs' Conditional Certification Motion (No. 13 on this Court's docket). Moreover, counsel for JPMC confirmed in writing that the *Ebert* tolling agreement also covers both current <u>and</u> former employees of JPMC. Counsel for JPMC also clarified that the tolling agreement would be effective as of June 18, 2010. Counsel for Plaintiffs responded with a number of written questions about the scope of the tolling agreement– all of which were answered by counsel for Defendant.

<u>Second</u>, the task currently before the parties was a limited one – the Court ordered the parties to confer about whether "all plaintiffs and absent class members in this action are covered by a tolling agreement." Despite representations by Chase that all such individuals are currently covered by a tolling agreement, counsel for Plaintiff nonetheless insisted that "***I*** [counsel for Plaintiff] am not covered" by a tolling agreement and, accordingly, demanded that Chase enter into a written tolling agreement with him. Of course, the tolling is not there to protect the

1   interests of counsel, or his standing vis a vis counsel in earlier-filed cases.
2   Nevertheless, Defendant is more than willing to enter into a written tolling
3   agreement with counsel for Plaintiffs on the same terms as the Agreement in the
4   *Ebert* case – namely, Defendant is willing to toll the statute of limitations for the
5   putative collective action members in this case through the date of the Panel's
6   decision in <u>In re JPMorgan Chase & Co. Fair Labor Standards Act (FLSA)</u>
7   <u>Litigation</u>, MDL Docket No. 2174, in exchange for an agreement by Plaintiffs to
8   stay this action in the meantime.  Defendant has offered that agreement in writing
9   and verbally to Plaintiff more than once, and counsel for Defendant can confirm
10  again today that Defendant remains willing to enter into that agreement.

11       Moreover, Plaintiff raised for the first time during the Parties' meet and
12  confer today a request for an additional tolling period "to a date certain" because
13  the MDL Panel would not be deciding whether to consolidate this action in
14  connection with the original MDL ruling but, rather, would make that decision in
15  connection with a subsequent conditional transfer order.  Defendant was notified
16  today that a hearing before the MDL Panel has been scheduled for July 29, 2010 at
17  8:15 a.m. in Boise, Idaho.  Given that the motion to consolidate/consolidate is
18  unopposed (and the parties only disagree as to where the cases should be
19  consolidated), a conditional transfer order of the tag-along *Cole* action can be
20  expected within two weeks after the hearing (the MDL clerk confirmed this 14-day
21  period for counsel for Defendant by phone today).  The *Cole* plaintiffs will then
22  have 14 days to oppose the conditional transfer order, pursuant to the Rules of
23  Procedure of the Judicial Panel on Multidistrict Litigation.

24       Accordingly, as part of a tolling agreement in this matter, Defendant is also
25  willing to toll the statute of limitations for individuals who are represented by
26  counsel for Plaintiff and who file a valid opt-in pursuant to Court-authorized notice
27  for a 30-day period following the MDL Panel's decision in <u>In re JPMorgan Chase</u>
28  <u>& Co. Fair Labor Standards Act (FLSA) Litigation</u>, MDL Docket No. 2174 to

1   account for this time period.  Other putative collective action members who are not
2   represented by counsel for Plaintiffs would already be part of any MDL'ed action
3   or, if there was no consolidation, part of the other pending litigations.
4       JPMC has answered every question Plaintiffs have posed and met every one
5   of Plaintiffs' stated concerns.  It is clear that, given the tolling agreement, absent
6   collective action members in this action will suffer no prejudice if the Court
7   postpones Plaintiffs' Conditional Certification Motion by a few weeks.
8       <u>Third</u>, Plaintiff's representations about the court-ordered mediation in the
9   *Whalen* matter are simply false.  As one egregious example of the numerous
10  misrepresentations by Plaintiffs, counsel for Defendant stated numerous times
11  during the parties' meet and confer that she could not discuss the scope, or any
12  other information regarding, the confidential settlement discussions of the parties in
13  the *Whalen* matter.  At no time did counsel for Defendant indicate that "Chase
14  made it clear that the mediation before Mr. Dickstein would encompass all of the
15  pending claims against Chase, including the unique claims under California and
16  Illinois law that have been asserted in this litigation."  Plaintiffs' Notice at 2.  In
17  fact, Mr. Clapp expressly asked counsel for Defendant if he could make such a
18  representation to the Court, and counsel for Defendant responded that Mr. Clapp
19  could <u>not</u> make that representation, because counsel for Defendant could not reveal
20  confidential settlement discussions to him in order to confirm or deny his statement.
21      Moreover, Plaintiffs' suggestion that JPMC seeks a stay to "settle around
22  plaintiffs" (Plaintiffs' Statement, p. 2, ln. 10-11) is patently disingenuous.  Plaintiffs
23  have known for some time that mediation was ordered by the court in the pending
24  *Whalen* case.  Indeed, the pending court-ordered mediation was part of the grounds
25  for JPMC's noticed motion for stay, filed ten days ago.  *See* JPMC's Motion to
26  Dismiss, Stay or Transfer, Docket No. 9-1, p. 4 ("District Judge Larimer has stayed
27  further proceedings in *Whalen* and has ordered the parties to participate in
28  mediation.").  Furthermore, as JPMC's moving papers set forth – a proposition

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/21779326.1                                          4

1  unchallenged in Plaintiffs' Opposition – there is nothing impermissible in staying
2  one action in light of settlement negotiations in another.  *See* JPMC's Motion at 15,
3  citing *Jaffe v. Morgan Stanley DW, Inc.*, No. C-06-3903 TEH, 2007 WL 163196
4  (N.D. Cal. Jan. 19, 2007) (ordering the stay of one case in light of settlement
5  negotiations in a related case involving the same class claims).  There is even
6  greater justification for a stay here, as not only are settlement discussions going on
7  in the *Whalen* matter, but there are pending stays in the other similar actions and a
8  pending MDL proceeding.

9  <u>Finally</u>, counsel for JPMC reiterates that the relief JPMC seeks is <u>limited</u>.
10 JPMC does not seek to obtain an indefinite stay of these proceedings on an *ex parte*
11 basis.  Rather, it simply seeks to postpone the burden and expense of opposing
12 Plaintiffs' Motion for Conditional Certification (Docket No. 13) until <u>after</u> this
13 Court has had the opportunity to decide JPMC's Motion to Dismiss, Stay, or
14 Transfer (Docket No. 9) as a regularly-noticed motion (currently set for hearing on
15 July 12, 2010).  A substantial waste of judicial resources and the resources of the
16 parties, as well as prejudice to JPMC, can be avoided by a brief stay of a few
17 weeks, with no resulting prejudice whatsoever to any party or putative collective
18 action member.

19 For the foregoing reasons, JPMC respectfully submits that the Court should
20 order a brief stay of a few weeks so that its Motion to Dismiss, Stay or Transfer
21 (Docket No. 9) may be heard.

23 Dated:   June 24, 2010                         MORGAN, LEWIS & BOCKIUS LLP

25                                                          By     /s/ Carrie A. Gonell
26                                                               Carrie A. Gonell
                                                                 Attorneys for Defendant
27                                                               JPMORGAN CHASE & CO. and
                                                                 JPMORGAN CHASE BANK, N.A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21779326.1                           5

# **PROOF OF SERVICE**

*Cole, et al. v. JP. Morgan Chase & Co., et al.*
USDC Case No.: SACV1O-00632 DOC (MLGx)

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On June 24, 2010, I served on the interested parties in this action the within document(s) entitled: **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEET AND CONFER STATEMENT PURSUANT TO THE COURT'S JUNE 23, 2010 ORDER**

☐ **BY FAX: (C.C.P. § 1013(a),(e); CRC 2008)** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

☒ **BY MAIL: (C.C.P. § 1013(a))** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

☐ **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21779326.1                                6

☐   **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on June 24, 2010. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is jnghiem@morganlewis.com.

☒   **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| James F. Clapp, Esq.<br>Zachariah P. Dostart, Esq.<br>DOSTART CLAPP GORDON & COVENEY, LLP<br>4370 La Jolla Village Drive, Suite 970<br>San Diego, CA  92122-1253<br>Tel:  (858) 623-4200<br>Fax:  (858) 623-4299<br>jclapp@sdlaw.com<br>zdostart@sdlaw.com<br>**VIA E-FILE** | Attorneys for Plaintiffs CYNTHIA COLE, DARIN TAKAHASHI, SALLY HELMKEN and GEORGIA SCHROEDER |
| Marita Murphy Lauinger, Esq.<br>DOSTART CLAPP GORDON & COVENEY, LLP<br>4370 La Jolla Village Drive, Suite 970<br>San Diego, CA  92122-1253<br>Tel:  (858) 623-4200<br>Fax:  (858) 623-4299<br>mlauinger@sdlaw.com<br>**VIA U.S. MAIL** | Attorneys for Plaintiffs CYNTHIA COLE, DARIN TAKAHASHI, SALLY HELMKEN and GEORGIA SCHROEDER |

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on June 24, 2010, at Irvine, California.

/s/  Claudia Stokes
Claudia Stokes