# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 10-0632 DOC (MLGx)                                      Date: June 25, 2010

Title: CYNTHIA COLE, ET AL. V. J.P. MORGAN CHASE & CO.

---

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                        Date:_____   Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Stephanie Mikhail                             Not Present
   Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

   NONE PRESENT                                 NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING IN PART AND DENYING IN PART DEFENDANT'S *EX PARTE* APPLICATION FOR STAY AND ENLARGING TIME

  Before the Court is Defendant JPMorgan Chase Bank, N.A.'s *Ex Parte* Application for an Order: (1) Temporarily Staying Further Proceedings Unitl the Court Decides Defendant's Pending Motion to Dismiss, Stay, or Transfer; or, in the Alternative, (2) Enlarging Defendant's Time to File its Opposition to Plaintiff's Motion for Conditional Certification, filed on June 22, 2010.  Dkt. 15.

  This action pertains to claims against JP Morgan Chase & Co. and JP Morgan Chase Bank, N.A. (collectively "Defendants") by their employees and former employees who worked as loan underwriters and allege they often worked in excess of forty hours per week.  Plaintiff assert claims, individually and on behalf of a class, for unpaid overtime wages under the Fair Labor Standards Act, 29. U.S.C. § 216(b), California law, and Illinois law.

  On June 14, 2010, Defendants filed a Motion to Dismiss the Instant Action in Favor of the First Filed Action; Transfer or Stay the Instant Action; or Stay the Instant Action Pending Decision

by the Judicial panel on Multidistrict Litigation ("Motion to Dismiss, Transfer, or Stay") for hearing on July 12, 2010.  Dkt. 9.  On June 21, 2010, Plaintiff filed a Motion to Certify Conditional Certification and Notice under 29 U.S.C. Section 216(b) for hearing on July 19, 2010.  Dkt. 13.  Defendant's Opposition to the Motion for Certification is due June 28, 2010.

      Defendant requests a limited stay on proceedings until the Motion to Dismiss, Transfer, or Stay is ruled upon by the Court or an extension of time in responding to the class certification motion.  Defendant argues that, because this action is the later-filed of several similar class actions against which they are defending, and the courts in the other class actions have issued stays pending a decision from the Judicial Panel on Multidistrict Litigation, Plaintiffs in this action are trying to hop to the front of the pack.  Defendant also argues that Plaintiffs will face no prejudice by the stay because they are covered by a tolling agreement in place in another action.  Plaintiffs respond that they filed the motion for conditional certification on a regularly noticed basis and that any delay would prejudice them because under the Fair Labor Standards Act, the statute of limitations on the putative class members' claim continues to run until they opt in, citing 29 U.S.C. § 256(b).

      The Court ordered the parties to meet and confer and file a statement with the Court regarding whether they agreed that there was a tolling agreement in place covering the named and absent class members in this action.  The parties filed separate statements regarding the meet-and-confer session–a telltale sign that it did not run smoothly–and Plaintiff filed an additional response to Defendant's separate statement.  The net result is that the parties are unable to agree regarding the scope of the tolling agreement in place and have not entered into an independent tolling agreement in this action.  The Court is faced with very different interpretations of this tolling agreement and does not have the agreement before it to make an independent determination.

      When deciding whether to grant a stay, among those interests to be weighed are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 709, 117 S.Ct. 1636 (1997).  Thus, the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163 (1936).

      Here, there is a fair possibility that the stay will work a hardship to Plaintiffs if the tolling agreement does not cover all named and absent class members, and Defendant has not met its burden in showing that the hardship in preparing a certification opposition brief outweighs the potential hardship to Plaintiffs.  A temporary stay shall not be granted.

      However, because the Court is ruling on the *ex parte* only one business day before the

opposition is due on Monday, June 28, 2010, the Court will grant a brief extension. Defendants' opposition to the certification motion shall be extended to Tuesday, July 5, 2010 and Plaintiff's reply brief shall be filed by Tuesday, July 13, 2010.

Should the parties be able to participate in further and more constructive meet-and-confer sessions prior to Defendants' opposition due date, the Court will accept a stipulation for a temporary stay. However, further filings on this issue must be made on a joint basis.

For the foregoing reasons:

1. Defendant's *Ex Parte* Application for a Temporary Stay is DENIED.

2. Defendant's *Ex Parte* Application for an Enlargement of Time is DENIED IN PART AND GRANTED IN PART.

The Clerk shall serve this minute order on all parties to the action.