JAMES F. CLAPP (145814)
jclapp@sdlaw.com
MARITA MURPHY LAUINGER (199242)
mlauinger@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA COLE, DARIN TAKAHASHI, SALLY HELMKEN, and CARRIE WEHNER individually and on behalf of all others similarly situated; and GEORGIA SCHROEDER, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A.<br><br>Defendants. | CASE NO. SACV10-00632 DOC (MLGx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION TO STAY ACTION**<br><br>Date: September 13, 2010<br>Time: 8:30 a.m.<br>Ctrm: 9D<br><br>Hon. David O. Carter |

## I. INTRODUCTION

This is a lawsuit for unpaid overtime brought on behalf of individuals who worked as loan underwriters for defendants J.P. Morgan Chase & Co. and J.P. Morgan Chase Bank, N.A. (collectively "Chase"). Plaintiffs allege that Chase misclassified its underwriters as "exempt" under the FLSA as well as under California and Illinois law. In their First Amended Complaint, plaintiffs allege a collective action under Section 216(b) of the FLSA as well as a Rule 23 class action for overtime wages due under California and Illinois law. Additionally, plaintiff Georgia Schroeder has brought an individual FLSA claim as well as a claim for declaratory relief alleging that the class action waiver in the Release Agreement she signed is unconscionable under California law. Docket No. 12.

On July 22 and 23, 2010, Chase participated in a mediation with the plaintiffs in another FLSA collective action against Chase, entitled Whalen v. J.P. Morgan Chase, W.D.N.Y. Case No. 01-CV-6492. During the weeks leading up to the mediation, the Cole plaintiffs asked for permission to attend the mediation in order to protect the unique interests of the California and Illinois class members. Declaration of Zach P. Dostart, filed herewith, para. 2. Since the Whalen plaintiffs were employed in New York, the Whalen plaintiffs have not asserted, and do not have standing to settle, claims under California or Illinois law. Nevertheless, Chase and the Whalen plaintiffs refused to allow the Cole plaintiffs to participate in the mediation. Dostart declaration, para. 3. On July 29, 2010, Chase and the Whalen plaintiffs announced that they had reached a global settlement of all overtime claims against Chase, including the California and Illinois claims that have been alleged in this action. The Cole plaintiffs have serious concerns that the settlement between Chase and the Whalen plaintiffs is collusive. Dostart declaration, para. 4. See Reynolds v. Benefit National Bank, 288 F.3d 277, 282 (7th Cir. 2002) (noting the practice of reverse auctions, whereby "the defendant in a series of class action picks the most ineffectual class lawyers to negotiate a settlement with the hope that the

district court will approve a weak settlement that will preclude other claims against the defendant").

Chase now moves to stay this action on the ground that a global settlement has been reached in Whalen.[1] Although the Cole plaintiffs have offered to stay their collective action claims under the FLSA (provided that the parties agree to extend their tolling agreement), the Cole plaintiffs oppose a stay of their state law claims as well as Schroeder's individual claims. As this Court has already recognized, Chase must make out a "clear case of hardship or inequity in being required to go forward" with this action. See Order dated June 23, 2010, Docket No. 20, citing Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). Chase has offered no admissible evidence that the settlement between Chase and the Whalen plaintiffs covers either Schroeder's individual claims or the Cole plaintiffs' class claims under California and Illinois law. Chase has failed to provide the Court (or Cole's counsel) with a copy of the fully-executed settlement agreement, and without a fully-executed settlement agreement, there is no binding settlement. Although Chase's counsel represents that a global settlement has been reached that "covers the claims of the putative class members in the *Cole* action" (Gonell dec., para. 3), her conclusory statement about the scope of the settlement is inadmissible under the best evidence rule. Because Chase has failed to meet its heavy burden to justify a stay, Chase's motion must be denied.[2]

---

[1] Although Chase has styled its motion as "Defendants' Re-Notice of Motion and Motion to Dismiss, Stay, or Transfer Action," Chase's motion does not seek dismissal or transfer of this action, and the only ground for seeking a stay is that a settlement has been reached in Whalen. See Notice of Motion, Docket 49.

[2] Plaintiffs anticipate that Chase will attempt to submit additional evidence in support of its motion with its reply brief. The Court should not consider such evidence, since plaintiffs will not have an opportunity to review or respond to it. United States v. W.R. Grace, 504 F.3d 745, 766 (9th Cir. 2007) (refusing to consider (footnote continued)

## II. CHASE HAS NOT MET ITS BURDEN TO JUSTIFY A STAY OF THE ENTIRE ACTION

The party requesting a stay must demonstrate a "clear case of hardship" in being required to go forward with the action. Landis, supra, 299 U.S. at 255. In deciding whether to grant a stay, among those interests the Court must weigh are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 709 (1997).

Chase argues that the Court should stay this entire action based on the alleged settlement reached with the Whalen plaintiffs. However, there is no admissible evidence before the Court that the Whalen settlement covers the California and Illinois claims that have been asserted in this action. Chase has failed to submit a signed settlement agreement to the Court, and without a signed settlement agreement, there is no binding settlement. Ciaramella v. Reader's Digest Ass'n, 131 F.3d 320, 326 (2d Cir. 1997) (under New York law, settlement agreements are generally required to be in writing). Furthermore, the testimony of Chase's counsel is inadmissible to prove the scope of the Whalen settlement. Fed. R. Evid. 1002 ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.") Because there is no admissible evidence before the Court that the Whalen settlement covers plaintiffs' state law class claims or Schroeder's

---

evidence submitted with a reply brief). Chase could have waited to file this motion until it had finalized the Whalen settlement agreement, but it chose not to do so.

individual claims, there is no basis for staying those claims.

Chase relies on Meints v. Regis Corp., 2010 U.S. Dist. LEXIS 14120 (S.D. Cal. Feb. 16, 2010). However, Meints is not remotely similar to this case. In Meints, a class settlement was reached in the first-filed action. Unlike Chase, the defendant in Meints submitted a fully-executed copy of the settlement agreement to the Meints court to prove that the claims in Meints were covered by the settlement. In this case, the only "evidence" Chase has submitted to the Court is the conclusory statement by Ms. Gonell that the Whalen settlement "covers the claims of the putative class members in the *Cole* action." Gonell declaration, para. 3. This statement is insufficient to meet Chase's burden of proof.[3]

III. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court deny Chase's motion to stay.

Dated: August 23, 2010

DOSTART CLAPP GORDON & COVENEY, LLP

s/ James F. Clapp
JAMES F. CLAPP
ZACH P. DOSTART
Attorneys for Plaintiffs

368393.1

---

[3] In her declaratory relief claim, Schroeder asks for a judicial declaration that the class action waiver she signed in her Release Agreement is unconscionable under California law. Docket No. 12. There is no indication that this claim was ever raised in Whalen or is the subject of the Whalen settlement.